IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR R. MARRERO RIVERA<br><br>Plaintiff,<br><br>v.<br><br>CENTURY TITAN LLC; ABC Insurance Company<br><br>Defendants. | CIVIL NO.<br><br>TITLE VII OF THE CIVIL RIGHTS ACT, AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), THE AMERICANS WITH DISABILITIES ACT (ADA), RETALIATION, DISCRIMINATION, PR LAW 80, PR LAW 100, PR LAW 115<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, Hector R. Marrero through his attorneys, who respectfully state, allege, and request as follows in this Complaint:

### I.   JURISDICTION AND VENUE

1.   The jurisdiction of this Court is original and invoked under 28 U.S.C. §§ 1331 and 1343. The action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); The Age Discrimination Employment Act of 1967, 29 U.S.C. § 621 ("ADEA"), the American with Disabilities Act, 42 U.S.C. § 12101 ("ADA").

1

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events, acts, and/or omissions that give rise to plaintiff's right to compensation occurred in the Commonwealth of Puerto Rico.

3. In addition, this Court has supplemental jurisdiction over Puerto Rico state law claims under 28 U.S.C. sec. 1367 (a) for claims under Law 100 of June 30, 1959, P.R. Laws Ann. tit 29. § 146, et seq. (hereon "Law 100"), Law 115 of December 20, 1991 as amended, P.R. Law Ann. Tit. 29 § 194 (hereon "Law 115") and under Law 80 of May 30, 1976, P.R. Law Ann. tit. 29, §§ 185a-185m (hereon "Law 80").

4. Hector R. Marrero filed a charge with the Equal Employment Opportunity Commission and on April 30, 2021 the EEOC issued its notice of right to sue.

5. Plaintiff demands a trial by jury on all claims.

## II.   PARTIES

6. Plaintiff Hector R. Marrero Rivera (hereon "Hector Marrero", "Mr. Marrero" and/or Plaintiff) was born on November 24, 1948, is unemployed, and domiciled in Corozal, PR.

7. Defendant Century Titan, LLC (hereon "Century Titan", "Titan" and/or "Defendant") is a corporation organized and which operates under the laws of the Commonwealth of PR, with designated office at Carr. PR 174 km 2.0,

Parque Industrial Minillas, Bayamon, PR 00959, and the following mailing address: PO Box 51985, Toa Baja, PR 00950-1985. The entity's resident agent is Alberto Rivera who has same physical and postal address as the entity. At all times relevant hereto, Defendant Century Titan was acting through his agents, subsidiaries, officers, employees, and assigns acting within the full scope of their agency, office, employment, or assignment.

8.    Co-Defendant Unknown Insurance Company (hereon as such) is the insurance company which, at the times of the facts alleged herein, had issued and maintained in full force and effect an insurance policy on behalf of Defendant Century Titan, which provides defense and coverage for the facts alleged herein and who may be jointly and severally liable to the plaintiff. Unknown Insurance Company is upon information and belief, organized and should exist under the laws of the Commonwealth of Puerto Rico, and is authorized by the Insurance Commissioner of Puerto Rico to issue insurance policies, and at the time of the facts alleged herein the Unknown Insurance Company issued and maintained an insurance policy on behalf of Century Titan, thus the Unknown Insurance Company is severally liable with its insured for the claims sustained in this Complaint.

### III.   FACTS

9.     Plaintiff Mr. Hector R. Marrero Rivera was born on November 24, 1948 in Santurce, Puerto Rico.  Plaintiff Mr. Hector R. Marrero Rivera is 72 years old.

10.    In 2007, Mr. Marrero started working at Empresas Barsan Inc. (hereon "Barsan") as a salesperson / merchandiser, selling and merchandising mainly ready to fry dough filled products known as turnovers (a/k/a "*empanadillas*").

11.     When Mr. Marrero started working for Barsan, Mr. Marrero used a truck that belonged to Barsan to deliver products.  At that moment Barsan paid Mr. Marrero a 6% commission of the sales that he obtained.

12.    Six to seven years into the job, Mr. Marrero suffered an accident and lost his left eye. Barsan provided Mr. Marrero a reasonable accommodation and he continued to work as a salesperson/merchandiser, but he now was not allowed to drive Barsan's truck. When this happened, Barsan also changed Marrero's payment to a 3% commission of the sales that he obtained, but since he would now use his own car Barsan also paid Mr. Marrero twenty dollars ($20.00) daily for car allowance.

13. Mr. Marrero continued to work for Barsan and at some point in October 2020 he and other employees were informed by the management that Century Titan had purchased Barsan.

14. On October 30, 2020, Mr. Marrero heard Vicente Sanchez (owner of Barsan) tell another employee known to Mr. Marrero as "*Papín*" that Century Titan did not want to keep Marrero in the work force because of his age, that Century wanted him out because of his age ("*con el único que estoy teniendo problemas para que dejen trabajando es Marrero; por la edad lo quieren sacar*").

15. At all relevant times, Mario Chalas (General Manager), Anibal González (Commercial Director), and Kevin Olavarría (Supervisor) were employees of Defendant Century Titan, acting within the scope of their employment with Defendant Century Titan.

16. At all relevant times, Mario Chalas (General Manager), Anibal González (Commercial Director), and Kevin Olavarría (Supervisor) were fully aware of Plaintiff's disability and age.

17. On October 30, 2020, Mr. Marrero and other employees were told at a meeting that they will keep their routes and will continue to work for Century Titan in the same conditions they did for Barsan. Mario Chalas (General Manager), Anibal González (Commercial Director) and an assistant, all from Century Titan, were present and ran this meeting.

18. On October 30, 2020, Century Titan gave the plaintiff employment documents to sign. Before signing, Plaintiff Marrero verified the documents and realized that one of the documents stated that he started working on 2015.

19. Since Mr. Marrero started working for Barsan in 2007, not 2015, he did not sign the document, and instead reported the situation to the management of Century Titan and demanded that the document be corrected before signing. Mr. Anibal Gonzalez of Century Titan then told Mr. Marrero that his commencement date was going to be fixed, and required Marrero to show up at work the next Monday.

20. Century Titan did not fix Marrero's year of commencement.

21. Marrero continued to work, and Century Titan continued to pay Marrero as previously Barsan had paid him.

22. Plaintiff Marrero was diligent in his workplace and never received complaints from his supervisors about his work.

23. Plaintiff Marrero was a hardworking, loyal, and respectful employee.

24. Plaintiff Marrero was devoted to his sales and to his route and enjoyed all aspects of his job.

25. On January 14, 2021, Kevin Olavarría (Supervisor) called Mr. Marrero, told him that he was discharged and that he could not return to work. Century Titan did not pay Marrero any compensation for this unlawful discharge.

26. Mr. Marrero was 72 years of age at the time of his discharge; he was the oldest salesperson/merchandiser and the only salesman/merchandiser who suffered a visible disability.

27. Mr. Marrero's discharge happened after Marrero reported to Century Titan's administration that one of the documents that they had asked him to sign contained false information about his commencement date and demanded it be changed.

28. No other merchandisers were laid off; Mr. Marrero was the only merchandiser that was laid off.

29. Marrero's route and responsibilities were split between other salespersons/merchandisers who do not suffer disability, did not report Century Titan's attempt to change their commencement dates, and who are of younger age.

30. Younger merchandisers/sellers who do not suffer visible disabilities kept their positions and were treated differently than Mr. Marrero.

31. In addition, Marrero's discharge was an act of retaliation because Mr. Hector R. Marrero reported to Century Titan's administration about an attempt to alter his commencement date by making him sign a document that contained incorrect information to those ends and refused to sign.

32. Instead of changing the document, Century Titan fired Plaintiff Marrero as an act of illegal discrimination and retaliation.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: <u>VIOLATIONS OF TITLE VII</u>

33. Plaintiff incorporates each and every allegation of paragraphs 1 through 32 as if set forth in full herein.

34. Mr. Marrero was 72 years of age at the time of his discharge.

35. Mr. Marrero met all reasonable expectations of his employer and performed his job well.

36. The action taken against Mr. Marrero was unjustified, willful, and intentional.

37. Similarly situated employees were treated differently than Mr. Marrero.

38. Century Titan continues to provide the services that were provided by the merchandiser/salesman position from which Mr. Marrero was discharged.

39. As described in the paragraphs above, Century Titan, through its actions or actions of its agents, discharged the Plaintiff based upon age and disability discrimination, and in retaliation for his refusal to sign a document that contained incorrect information and reporting such act to the management in violation of Title VII of the Civil Rights Act of 1964, 42 USC Section 2000-c, et seq., as amended by inter alia the Civil Rights Act of 1991.

40. Due to the age and disability discrimination, retaliation, and disparate treatment tendered by Century Titan upon Mr. Marrero, Mr. Marrero has suffered severe emotional and psychological damages, loss of past, present and future earnings and benefits, as well as pain, humiliation and mental anguish.

41. Due to the age and disability discrimination, retaliation, and disparate treatment tendered by Century Titan upon Mr. Marrero, Mr. Marrero has also suffered serious deterioration of his health. He has suffered extensive emotional and physical damages, including but not limited to loss of sleep, appetite disturbances, tension, anxiety, nervousness, concern about his future and that of his life, and feeling of failure.

42. Due to the age and disability discrimination, retaliation, and disparate treatment tendered by Century Titan upon Mr. Marrero, Mr. Marrero's reputation and the future of his professional career have been seriously and adversely affected.

43. Due to the age and disability discrimination, retaliation, and disparate treatment tendered by Century Titan upon Mr. Marrero, and the damages suffered by Mr. Marrero, he is entitled to relief in the form of compensatory damages, which are estimated at no less than SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS ($750,000.00), as well as costs, interests, and attorneys' fees.

44. Marrero is also entitled and demands back pay.

## SECOND CAUSE OF ACTION: <br> AGE DISCRIMINATION

45. Plaintiff incorporates each and every allegation at paragraphs 1 through 44 as if set forth in full herein.

46. As described above, the Defendant's conduct as alleged above constitutes discrimination based on age discrimination in violation of ADEA.

47. As a direct and proximate cause of plaintiff's age, he was terminated on January 14, 2021.

48. Defendant knew that its conduct was prohibited by the ADEA or showed a "reckless disregard" for whether the act applied. Therefore its acts of age discrimination against Plaintiff Marrero as alleged were willful as defined by the Act.

46. The discrimination, retaliation and disparate treatment described above have caused Marrero to suffer emotional harm, damages, pain and suffering, embarrassment, humiliation, mental anguish, inconvenience, anxiety, harm to his professional reputation, and loss of enjoyment of life as well as loss of earnings.

47. As explained above, Plaintiff has suffered damages which are estimated in an amount not less than SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS ($750,000.00), in addition to the back pay.

## THIRD CAUSE OF ACTION:
## DISABILITY DISCRIMINATION (ADA)

48. Plaintiff hereby incorporates each and every allegation set forth in paragraphs 1 through 47, as though set forth in full herein.

49. An employer may not deprive a person with disability of an employment opportunity because of the disability if the person is able, with reasonable accommodation if necessary, to perform the essential functions of the job.

50. Plaintiff's physical impairment consisting of having no left eye substantially limits several major life activities, as that term is defined and used in ADA.

51. Marrero is an individual with a disability who at the time of his discharge could perform the essential functions of his position, with the reasonable accommodation that had been conceded.

52. Marrero's condition is permanent.

53. Century Titan was aware of Marrero's disability and of his physical limitation.

54. The accommodations that Marrero had before the discharge enabled him to perform his essential job functions and did not create an undue burden for Century Titan.

55. Marrero's claim under the ADA is that he was discharged from the workplace by Century Titan based on discrimination on the basis of his age, disability and in retaliation.

56. Due to the age and disability discrimination, retaliation, and disparate treatment tendered by Century Titan upon Mr. Marrero, and the damages suffered by Mr. Marrero, he is entitled to relief in the form of compensatory damages, which are calculated at no less than SEVEN HUNDRED AND SEVENTY FIVE THOUSAND DOLLARS ($750,000.00), as well as costs, interests, and attorneys' fees.

57. Marrero is also entitled and demands back pay.

## FOURTH CAUSE OF ACTION: VIOLATION OF PUERTO RICO LAW 100

58. Plaintiff incorporates each and every allegation of paragraphs 1 through 57 herein.

59. As set forth above, Plaintiff demands compensation also under Law 100 of June 30, 1959, P.R. Laws Ann. tit 29. § 146, et seq. (hereon "Law 100")

60. Law 100 prohibits discrimination on the basis of age.

61. Marrero's claim under Law 100 is that he was discharged from the workplace by Century Titan based on discrimination on the basis of his age, disability and in retaliation.

62. The law also provides that the employee who is discriminated may demand payment of all damages and that the employer must pay twice the amount as penalty.

### FIFTH CAUSE OF ACTION: VIOLATION OF PUERTO RICO LAW 80

63. Plaintiff incorporates each and every allegation of paragraphs 1 through 62 herein.

64. As set forth above, Plaintiff demands compensation also under Law 80 of May 30, 1976, P.R. Law Ann. tit. 29, §§ 185a-185m (hereon "Law 80"), which provides relief to employees terminated without good cause.

65. The employers' actions as described above show that Mr. Marrero was unjustly dismissed from his position at Century Titan, and that Century Titan was Mr. Marrero's employer in lieu of the "successor patron" doctrine.

66. The highest payment that Marrero received was of $800 per month. As per Law 80, Mr. Marrero is entitled to $13,199.60 This amount is calculated by multiplying $800 by six, for a total of $4,799.60, plus $200 for Marrero's 14 years of employment multiplied by 3. Marrero also demands costs of litigation and attorneys' fees.

## SIXTH CAUSE OF ACTION: <u>VIOLATION OF PUERTO RICO LAW 115</u>

67. Plaintiff incorporates each and every allegation of paragraphs 1 through 66 herein.

68. As set forth above, Plaintiff demands compensation also under Law 115, P.R. Law Ann. Tit 29 § 194a(a) (hereon "Law 115").

69. Law 115 creates a cause of action for employees that are discharged for complaining in the employer's internal procedures or to any employer who holds a position of authority.

70. Marrero's claim under Law 115 is that he was discharged from the workplace by Century Titan based on discrimination on the basis of his age, disability and in retaliation.

71. The law provides that the employee who is discharged for retaliatory reasons may demand payment of all damages including mental anguish and unearned wages, and that the employer must pay twice the amount as penalty.

## VII.  TRIAL BY JURY DEMANDED

72. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of no less than one million five hundred and thirteen thousand one hundred and ninety-nine dollars with sixty cents ($1,513,199.60) plus a reasonable amount for attorneys' fees and any further relief that this Court may deem just and proper

under the law, pursuant to but not limited to 29 U.S.C. §216(b) as incorporated into the ADEA by 29 U.S.C. §626(b) and to 42 U.S.C. §1988; plus an order awarding plaintiff all costs incurred in this case pursuant to but not limited to Fed. R. Civ. P. 54(d), and to 28 U.S.C. §§1920 and 1924.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 15th day of June of 2021.

Attorneys for plaintiff:  s/ RICARDO R. LOZADA FRANCO
USDC 301807
riclozfra@gmail.com
PO Box 10081
San Juan, PR 00908-1081
(787) 379-1148


*s/Carlos Sanchez*
CARLOS M. SÁNCHEZ LA COSTA

USDC 209410
P.O. Box 9023027
San Juan, Puerto Rico 00902
Teléfono: (787) 729-4646
csanchez@sanchezlawpr.com